# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY RAY HALL, | ) | CASE NO. 7:19CV00813 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DR. SAATHOFFS, | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Plaintiff Jerry Ray Hall, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison psychiatrist is denying him appropriate mental health medications. Having reviewed Hall's submissions, the court concludes that the action must be summarily dismissed for failure to state a claim.

Hall alleges that the defendant, Dr. Saathoffs, "ha[s] been den[ying Hall] the right type of medicine[s] that work." Compl. 2, ECF No. 1. Hall contends that the doctor has used him "as skiny [sic] pig try this or that don[']t work." Id. More details about Hall's medication concerns appear in the attachments to his complaint. In an Offender Request dated September 30, 2019, Hall stated that his medication was not working, and he wanted to change to something that would work. Ms. Wilson of the mental health department responded that Hall had missed two mental health appointments and that if he took the medication daily, he could "expect approximately 6-8 weeks to see noticeable improvements. The 6 week mark would be November 1. Please submit an offender request round that time and we will meet and discuss the medication and your needs." Compl. Attach. 4, ECF No. 1-1. In early October 2019, Hall wrote a further request, telling Wilson that his medication was not working and that he had not been informed about the appointments that he had missed. Wilson responded, "It is your responsibility to check the pass list each day. Per Dr. Saathoff's response dated October 10, 2019 it is too early to change your meds. You are

scheduled for a follow-up in December." Id. at 5. On November 13, 2019, Hall wrote another request, threatening to take the doctor to court because "med[s]'s don[']t work." Id. at 3. Wilson responded "Again, you are scheduled (in accordance with policy and procedure) to see the psychiatrist within the next month. You may request to see one of our psychology associates in the meantime by submitting a request form, checking 'appointment request.' Please include a mental health concern you'd like to discuss." Id. Hall filed his § 1983 complaint in early December 2019, suing Dr. Saathoffs for monetary damages.[1]

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted . . . ." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a cause of action under §1983, a plaintiff must state facts that allow the plausible inference that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The allegations simply do not support a claim that Dr. Saathoffs has violated Hall's constitutional rights related to his medical or mental health needs. Only "[d]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known

---

[1] Hall's complaint also alleges that Wilson "isn't a regristrate [sic] mental health doctor or staff she have no degree in the matter." Compl. 2, ECF No. 1-1. Hall does not identify Wilson, as a defendant, however.

2

serious medical needs." Sharpe v. South Carolina Dept. of Corrections, 621 F. App'x 732, 733 (4th Cir. 2015);[2] DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) ("[D]eliberate indifference to an inmate's serious medical needs" violates his Eighth Amendment rights, and "courts treat an inmate's mental health claims just as seriously as any physical health claims[.]"). To allege deliberate indifference, Hall must state facts showing that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction." Jackson, 775 F.3d at 178. This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. See Estelle, 429 U.S. at 105-06 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Questions of medical judgment are not subject to judicial review." Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

Hall's complaint and its attachments do not state any facts indicating that Dr. Saathoffs has ignored his mental health needs. Rather, Hall admits that he has been receiving medication, that the mental health staff is monitoring his progress, and that between follow up evaluations by the doctor, he has access to psychology associates. Hall may have believed that the medication he was provided did not help his mental health symptoms and that he should receive a different medication sooner than the recommended eight-week effectiveness period. However, this lay person's opinion—in disagreement with the doctor's medical judgment—is simply not sufficient to support a finding of deliberate indifference as required for an Eighth Amendment claim.

For the stated reasons, the court concludes that Hall's submissions fail to state any constitutional claim against the defendant. Therefore, the court will summarily dismiss this case

---

[2] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

without prejudice under § 1997e(c)(1) for failure to state a claim.  An appropriate order will enter this day.  Dismissal without prejudice leaves Hall free to refile his claims in a new and separate civil action, provided that he can correct the deficiencies described in this memorandum opinion and that he complies with exhaustion and financial requirements.

  The clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

  ENTER:  This __9th_ day of April, 2020.

*[signature]*
Senior United States District Judge